[Cite as *State v. Selmon*, 2016-Ohio-723.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 15 CA 83 |
| KENYAN SELMON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                                          Pleas, Case No.  06 CR 248D


JUDGMENT:                                        Affirmed


DATE OF JUDGMENT ENTRY:          February 25, 2016


APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

BAMBI COUCH PAGE                        KENYAN SELMON
PROSECUTING ATTORNEY              PRO SE
DANIEL M. ROGERS                          Richland Correctional Institution
ASSISTANT PROSECUTOR              Post Office Box 8107
38 South Park Street                          1001 Olivesburg Road
Mansfield, Ohio  44902                       Mansfield, Ohio  44905

*Wise, J.*

{¶1}    Defendant-Appellant Kenyan Selmon appeals the August 27, 2015, decision of the Richland County Court of Common Pleas, dismissing his "Motion for Revised Sentencing Entry".

{¶2}    Plaintiff-Appellee is the State of Ohio.

{¶3}    This case comes to us on the accelerated calendar pursuant to App.R. 21(A).

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶4}    On April 24, 2006, following a jury trial, Appellant was convicted of two counts of Intimidation of a Crime Victim, two counts of Retaliation Against a Crime Victim, and Perjury, all third degree felonies. By Judgment Entry filed April 28, 2006, the trial court sentenced Appellant to an aggregate prison term of twelve years.

{¶5}    Appellant filed a direct appeal to this Court in 06 CA 52, wherein he raised three (3) Assignments of Error. First, Appellant argued that the manifest weight of the evidence did not support his conviction for Retaliation. Second, Appellant argued that the trial court erred when it denied his Rule 29 Motion for Judgment of Acquittal. Third, Appellant argued that the trial court erred when it denied his Motion for Mistrial. In the 06 CA 52 appeal, Appellant did not assign as error any possible defects in the Sentencing Entry.

{¶6}    By Opinion and Entry filed March 28, 2007, this Court overruled all three (3) of Appellant's Assignments of Error in 06 CA 52 and affirmed Appellant's convictions and sentence. On May 9, 2007, Appellant filed his Notice of Appeal of this Court's decision in 06 CA 52 with the Ohio Supreme Court. On August 10, 2007, the Ohio Supreme Court

dismissed Appellant's appeal. *State v. Selmon,* 114 Ohio St.3d 1483, 2007-Ohio-3699, 870 N.E.2d 734.

{¶7} On January 23, 2008, Appellant filed with the trial court a "Motion to Vacate Fines, Costs and Fees and/or Defer payment of Such Fines, Costs and Fees until Defendant's Release From Custody".

{¶8} On March 21, 2008, the trial court denied Appellant's request to vacate his fines, costs and fees, but stayed payment of those fines, costs and fees until his release from custody.

{¶9} On January 8, 2009, Appellant filed a "Motion for Re-entry Court Consideration" with the trial court.

{¶10} On February 4, 2009, the trial court overruled Appellant's "Motion for Re-entry Court Consideration."

{¶11} Following the trial court's denial of his "Motion for Re-entry Court Consideration," Appellant filed for a "Petition for Writ of Habeas Corpus" with the Court of Appeals for the Northern District of Ohio. In his "Petition for Writ of Habeas Corpus," Appellant raised four (4) arguments, with his first two (2) arguments mirroring his first and third Assignments of Error in 06 CA 52. First, Appellant argued that the evidence did not support his conviction for Retaliation. Second, Appellant argued that the Trial Court erred when it failed to grant a mistrial or provide a curative jury instruction. Third, Appellant argued that his appellate counsel provided ineffective assistance when it failed to raise trial counsel's ineffectiveness. Fourth, Appellant argued that his appellate counsel provided ineffective assistance when it failed to raise an argument entitling Appellant to a remand hearing.

**{¶12}** On August 14, 2009, the Court of Appeals for the Northern District of Ohio denied Appellant's "Petition for Writ of Habeas Corpus." Selmon v. Wilson, 2009 U.S. Dist., LEXIS 71896 (N.D. Ohio Aug. 14, 2009).

**{¶13}** On June 30, 2010, Appellant filed a "Motion for Void Judgment" with the trial court, arguing that the failure to specify the restitution amount rendered the April 28, 2006, Sentencing Entry void.

**{¶14}** On September 9, 2010, the trial court dismissed Appellant's "Motion for Void Judgment" as an untimely petition for post-conviction relief asserting claims barred by *res judicata.*

**{¶15}** On May 17, 2011, Appellant filed his first "Motion for Judicial Release" with the trial court.

**{¶16}** On June 23, 2011, the trial court overruled Appellant's "Motion for Judicial Release" due to Appellant being ineligible for judicial release at that time.

**{¶17}** On May 25, 2012, Appellant filed a "Motion to Correct Void Sentence" and a "Motion for Revised Sentencing Entry" with the trial court. In these Motions, Appellant raised the same claims he raised in his "Motion for Void Judgment," namely that the failure to specify the restitution amount rendered the April 28, 2006 Sentencing Entry void.

**{¶18}** On June 4, 2012, with his May 25th motions still pending in the trial court, Appellant filed a "Motion to Dismiss Appeal" in 06 CA 52 with this Court. In his "Motion to Dismiss Appeal," Appellant argued that the failure to specify the restitution amount prevented the April 28, 2006, Sentencing Entry from being a final, appealable order. Consequently, Appellant argued, this Court did not have jurisdiction to rule upon the merits of his appeal in 06 CA 52.

{¶19} On July 2, 2012, this Court denied Appellant's "Motion to Dismiss Appeal" in 06 CA 52.

{¶20} On September 18, 2012, the trial court overruled Appellant's May 25th Motions, once again determining that the motions were untimely petitions for post-conviction relief asserting claims barred by res judicata.

{¶21} On February 8, 2013, Appellant filed a second "Motion for Judicial Release" with the trial court.

{¶22} On April 4, 2013, the trial court overruled Appellant's second "Motion for Judicial Release."

{¶23} On November 12, 2013, Appellant filed a third motion for judicial release with the trial court captioned as a "Response to Reconsider Motion for Relief,".

{¶24} On December 12, 2013, the trial court overruled Appellant's "Response to Reconsider Motion for Relief.

{¶25} On June 22, 2015, Appellant filed a "Motion for Revised Sentencing Entry" with the trial court, asserting the same claims he raised in his "Motion for Void Judgment" and his May 25th Motions.

{¶26} On August 27, 2015, the trial court dismissed Appellant's "Motion for Revised Sentencing Entry" as yet another untimely petition for post-conviction relief asserting claims barred by res judicata.

{¶27} It is from this dismissal Appellant now appeals, raising the following assignments of error:

<u>ASSIGNMENTS OF ERROR</u>

**{¶28}** "I. THE TRIAL COURT ERRED WHEN IT DID NOT SPECIFY THE AMOUNT OF RESTITUTION AT SENTENCING."

**{¶29}** "II. TRIAL COURT ABUSED ITS DISCRETION WHEN THEY RECLASSIFIED DEFENDANT'S MOTION AS A POST CONVICTION RELIEF."

**{¶30}** "III. THE TRIAL COURT'S SENTENCING ENTRY IS NOT A FINAL APPEALABLE ORDER AS DEFINED IN OHIO REVISED CODE 2505."

**I., III.**

**{¶31}** Because Appellant's First and Third Assignments of Error both challenge the Sentencing Entry from April 28, 2006, as not being a final appealable order, we shall address said assignments of error together.

**{¶32}** Appellant argues that because the April 28, 2006, Sentencing Entry does not specify the amount of restitution, such entry is not a final appealable order.

**{¶33}** Upon review, we find that this issue could have been raised on direct appeal and is therefore barred under the doctrine of *res judicata*. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

**{¶34}** As the issues raised by Appellant could have been raised in his direct appeal, they are therefore barred by the doctrine of *res judicata*. We therefore find that the trial court did not err in dismissing Appellant's motion.

**{¶35}** Appellant's First and Third Assignments of Error are overruled.

## II.

**{¶36}** In his Second Assignment of Error, Appellant argues that the trial court erred in classifying his Motion for Revised Sentencing as an untimely petition for post-conviction relief. We disagree.

**{¶37}** "Where a criminal defendant subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post[-]conviction relief as defined in R.C. 2953.21." *State v. Reynolds,* 79 Ohio St.3d 158 (1997), syllabus.

**{¶38}** In dismissing Appellant's motion, the trial court began by stating that Appellant had previously filed the same motion on May 25, 2012, which was overruled by the trial court on September 18, 2012. Appellant did not appeal this denial.

**{¶39}** R.C. §2953.21(A)(2) governs the time within a petition for post-conviction relief must be filed and provides as follows:

> Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *.

**{¶40}** In this case, the trial transcript in Appellant's direct appeal was filed on August 14, 2006. Appellant therefore had until February 12, 2007, within which to file his petition for post-conviction relief. Appellant filed his petition on June 22, 2015. 2014. Appellant's petition is not within the three hundred sixty five (365) days after the date on

which the trial transcript was filed with this Court in his direct appeal and thus not in compliance with the time frame as specified in R.C. §2953 .21(A)(2).

{¶41} However, pursuant to R.C. §2953.23(A), the court may consider an untimely petition for post-conviction relief:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section * * * unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from the discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner's situation, and the petition asserts a claim based on that right.

(b)The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found that petitioner was guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death . . .

* * *

{¶42} In this case, Appellant makes no allegations in his motion as to any new evidence or new facts. These matters were all contained in the trial record and thus,

Appellant cannot show that he was unavoidably prevented from the discovery of the facts upon which he relies on for relief or that this is newly-discovered evidence. Appellant does not set forth any argument in his brief as to the delay in filing, why he meets the exception requirements contained in R.C. §2953.23(A)(1) or (A)(2), or how the petition otherwise complies with R.C. §2953.23(A)(1) or (A)(2). As such, Appellant has failed to meet his burden under R.C. §2953.23(A)(1) or (A)(2) to file an untimely petition for post-conviction relief.

**{¶43}** In addition, as set forth above, any errors as to these issues could have been raised on direct appeal and are therefore barred under the doctrine of *res judicata*. "Under the doctrine of *res judicata*, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Conversely, issues properly raised in a post-conviction petition are those that could not have been raised on direct appeal because the evidence supporting the issues is outside the record. *State v. Millanovich,* 42 Ohio St.2d 46, 325 N.E.2d 540 (1975). Appellant's arguments do not raise any issues that are dependent upon evidence outside the record.

**{¶44}** Upon review, we find that Appellant has not satisfied the R.C. 2953.23(A)(1)(a) requirement that he was unavoidably prevented from discovery of the facts upon which he relies to present his claims for post-conviction relief. Appellant does not offer any evidence which was not already in the record before the trial court. Further,

the issues raised by Appellant could have been raised in his direct appeal and are therefore *res judicata*.

{¶45} We find that the trial court did not err in denying Appellant's petition to correct sentence. Appellant's Second Assignment of Error is overruled.

{¶46} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.


By: Wise, J.

Farmer, P. J., and

Gwin, J., concur.

JWW/d 0219