[Cite as *State v. Lynch*, 2017-Ohio-8642.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
|  |  | Hon. W. Scott Gwin, P.J. |
| STATE OF OHIO | : | Hon. William B. Hoffman, J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : |  |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2017-0040 |
| DANIEL D. LYNCH | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Muskingum
County Court of Common Pleas, Case No.
CR2015-0143

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 20, 2017

APPEARANCES:

For Plaintiff-Appellee                                 For Defendant-Appellant

MUSKINGUM COUNTY PROSECUTOR         DANIEL D. LYNCH
27 N. 5TH STREET P.O. BOX 189                NORTHEAST OHIO CORRECTIONAL
ZANESVILLE, OH 43701                            2240 HUBBARD ROAD
                                                            YOUNGSTOWN, OH  44505

*Gwin, P.J.*

{¶1}   Appellant appeals the judgment entry of the Muskingum County Court of Common Pleas denying his motion to vacate sentence.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}   In October of 2013, appellant Daniel Lynch was convicted of gross sexual imposition and unlawful sexual conduct with a minor, both felonies of the fourth degree. Appellant was classified as a Tier I Sexual Offender.  On August 3, 2014, appellant was released from prison on post-release control.

{¶3}   On April 15, 2015, appellant was indicted on one count of failure to register as a sex offender (address change) in violation of R.C. 2950.05(A), a felony of the fourth degree.  On July 8, 2015, appellant pled guilty to one count of failure to register.  The trial court accepted his plea of guilty and ordered a pre-sentence investigation.  On August 3, 2015, the trial court sentenced appellant at a sentencing hearing.

{¶4}   Additionally, on August 4, 2015, the trial court issued a sentencing entry. The trial court sentenced appellant to fourteen (14) months in prison.  The trial court also stated in the sentencing entry that appellant was on post-release control at the time of the commission of the offense herein.  The sentencing entry provides, "pursuant to ORC 2929.141, this Court terminates the Defendant's period of post release control and hereby ORDERS that the Defendant serve the remainder of his post-release control; said sentence shall be served **mandatory consecutive** to the sentence imposed herein."

{¶5}   On May 18, 2017, appellant filed a motion to vacate sentence.  Appellant argued that:  the trial court violated his rights pursuant to Criminal Rule 43(A) as the trial court never told him how much time he had remaining on his post-release control and the

trial court did not impose a sentence as to the remainder of his post-release control time. Appellant sought to vacate and void his prison term because the years he had remaining on post-release control were added to his sentence via the Bureau of Sentencing Computation once he arrived at the state correctional institution. Appellant argued his sentence should be vacated as his right to notice and right to due process was violated.

{¶6} Appellee filed an opposition to appellant's motion on May 26, 2017. Appellee argued appellant's post-conviction relief petition was untimely and his arguments were barred by res judicata.

{¶7} The trial court issued a judgment entry denying appellant's motion on May 30, 2017. The trial court found appellant failed to raise these issues in a direct appeal or timely post-conviction relief petition and are thus barred by res judicata. The trial court also found that, pursuant to Criminal Rule 43, appellant's presence was required at the sentencing hearing and he was there.

{¶8} Appellant appeals the May 30, 2017 judgment entry of the Muskingum County Court of Common Pleas and assigns the following as error:

{¶9} "I. THE TRIAL COURT ERRED/ABUSED ITS DISCRETION WHEN IT BARRED RES JUDICATA APPELLANT'S MOTION TO VACATE SENTENCE FOR FAILURE TO IMPOSE JUDICIAL SANCTIONS IN OPEN COURT IN VIOLATION OF RULE 43(A) OF THE RULES OF CRIMINAL PROCEDURE, THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION, BY CONSTRUING THE MOTION INTO A DELAYED POST CONVICTION PETITION."

I.

**{¶10}** Appellant first contends in his brief that the trial court erred and abused its discretion in construing his motion as a petition for post-conviction relief.  We disagree.

**{¶11}** The caption of a pro se pleading does not define the nature of the pleading. *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997).  Thus, if the pleading meets the definition of a petition for post-conviction relief, it must be treated as such, regardless of the manner in which appellant actually presents the motion to the court. *State v. Green*, 5th Dist. Knox No. 15-CA-13, 2015-Ohio-4441.

**{¶12}** A motion meets the definition of a motion for post-conviction relief set forth in R.C. 2953.21(A)(1), despite the caption or manner in which a defendant presents a motion to the court, if it is (1) filed subsequent to direct appeal; (2) claims a denial of constitutional rights; (3) seeks to render the judgment void; and (4) asks for vacation of the judgment and sentence.  *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997).

**{¶13}** Appellant's motion satisfies this definition of a petition for post-conviction relief as defined in R.C. 2953.21.  The motion was filed subsequent to the time for a direct appeal.  Further, the motion claims a denial of constitutional rights, as he specifically alleges his due process rights were violated, in violation of his Fifth and Fourteenth Amendment rights under the U.S. Constitution and his Article I, Section 16 rights under the Ohio Constitution.  Third, appellant seeks to have his prison term vacated and rendered void.  Fourth, appellant states the remedy he seeks is to vacate the sentence against him.  Accordingly, the trial court properly construed his motion as a petition for post-release control.

{¶14} Appellant next contends the trial court improperly denied his petition for post-conviction relief as untimely. We disagree.

{¶15} As appellant's motion is properly construed as a petition for post-conviction relief, it is apparent it should have been denied because it was filed well beyond the time limits set by R.C. 2953.21. R.C. 2953.21 requires that a petition for post-conviction relief be filed no later than three hundred sixty five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or three hundred and sixty five days after the expiration of the time for filing an appeal if no direct appeal is filed.

{¶16} In this case, appellant did not file a direct appeal. Because the sentencing entry was issued on August 4, 2015, appellant had until September 3, 2015 to file a direct appeal. Thus, appellant had until September 2, 2016 to file a timely petition for post-conviction relief. His motion was not filed until May of 2017. The petition was therefore untimely as it is was filed beyond the time requirement in R.C. 2953.21(A).

{¶17} Further, appellant has made no attempt to show that any of the exceptions to R.C. 2953.23(A)(1) apply to his untimely motion. Appellant did not demonstrate he was unavoidably prevented from discovering facts to present his claim or that a new federal or state right accrued retroactively to his claim. R.C. 2953.23(A)(1)(a). Nor did he demonstrate by clear and convincing evidence that, but for a constitutional error, no reasonable factfinder would have found him guilty of the offense as he pled guilty to the charge. R.C. 2953.23(A)(1)(b).

{¶18} When a petition for post-conviction relief is filed untimely and does not meet the requirements of R.C. 2953.23(A)(1), a trial court lacks jurisdiction to entertain the

merits of the petition. *State v. Lynn*, 5th Dist. Muskingum No. CT2007-0046, 2008-Ohio-2149. Accordingly, the trial court did not err in denying his motion as an untimely petition for post-conviction relief.

{¶19} Appellant also argues the trial court erred and abused its discretion in applying the doctrine of res judicata in denying his motion. We disagree.

{¶20} It is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Elmore*, 5th Dist. Licking No. 2005-CA-32, 2005-Ohio-5940, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997). Under the doctrine of res judicata, a final judgment of conviction bars the defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). A defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996).

{¶21} The allegations appellant makes in his motion concerning the failure to impose judicial sanctions in open court, his allegation that the trial court did not notify him it was terminating his prior post-release control and imposing the remainder of the sentence, and any issues with the sentencing entry could all have been raised on direct appeal. "A defendant who fails on direct appeal to challenge the sentence imposed on him for an offense is barred by res judicata from appealing that sentence * * *." *State v.*

*Lindsay*, 5th DIst. Richland No. 16CA39, 2017-Ohio-595.   Therefore, the trial court properly denied appellant's motion on the basis of res judicata.

{¶22} Finally, appellant argues in his brief that his sentencing entry was not final and appealable because it did not contain the full sentence.  We first note that appellant failed to raise the issue that the sentencing entry was not a final appealable order in his motion to vacate sentence.  Thus, such an argument is waived in this appeal.  *State v. Brewer*, 2nd Dist. Montgomery No. 26153, 2015-Ohio-693.

{¶23} Notwithstanding the issue of waiver, we find his claim is barred by res judicata as appellant could have argued on direct appeal that the sentencing entry was not final and appealable because it did not contain the exact number of years, months, and days remaining on his post-release control.  See *State v. Selmon*, 5th Dist. Richland No. 15 CA 83, 2016-Ohio-723.  Appellant did not raise any arguments regarding the lack of finality of the judgment or challenge the sufficiency or propriety of the sentencing entry in a direct appeal or timely petition for post-conviction relief.

{¶24}  Based on the foregoing, appellant's assignment of error is overruled.

{¶25}  The May 30, 2017 judgment entry of the Muskingum County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur