[Cite as *State v. Ervin*, 2017-Ohio-1491.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-04-079 |
| | : | O P I N I O N |
| - vs - | | 4/24/2017 |
| | : | |
| JODY ERVIN, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2009-12-2008


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles M. Conliff, P.O. Box 18424, Fairfield, Ohio 45018, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Jody Ervin, appeals the decision of the Butler County Court of Common Pleas revoking her community control and imposing a prison term. For the reasons detailed below, we reverse the decision of the trial court and remand for further proceedings.

{¶ 2} In 2010, Ervin pled guilty to two counts of complicity to felonious assault in violation of R.C 2923.03(A)(2) and R.C. 2903.11(A)(2), both second-degree felonies. One of

those counts included a specification that a firearm was used during the commission of the offense. The trial court imposed a mandatory prison term of three years pursuant to R.C. 2929.14(D)(1)(a) for the gun specification. The trial court also imposed five years of community control on both counts of complicity to felonious assault. The community control sanctions were ordered to be served consecutive to and following the five-year prison term. Ervin did not file a direct appeal.

{¶ 3} In December 2012, Ervin was released from prison and began to serve her five-year community control sentence. Ervin was found in violation of her community control in 2015 for issues including the possession of drugs. Nevertheless, the trial court continued community control.[1] In 2016, Ervin once again violated the terms of her community control for heroin use. In its entry dated March 24, 2016, the trial court found that Ervin was no longer amenable to community control and imposed 36 months in prison on each count of Ervin's underlying complicity convictions and ordered those terms be served consecutively for an aggregate 72-month prison term.

{¶ 4} Ervin appealed the trial court's decision, raising two assignments of error for review. However, this court issued an entry directing the parties to brief the following issues:

> Does Ohio law authorize a sentencing court to impose community control on one felony count to commence upon completion of a prison term imposed on another felony count? If not, does that render the community control sentence void or voidable?

Therefore, there are three assignments of error for consideration.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY IMPOSING A PRISON SENTENCE.

---

1. The trial court, however, amended the community control sanctions from five years to three years in response to the changes under H.B. 86.

{¶ 7}   Assignment of Error No. 2:

{¶ 8}   THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY IMPOSING CONSECUTIVE PRISON SENTENCES.

{¶ 9}   Assignment of Error No. 3:

{¶ 10}   THE TRIAL COURT ERRED BY IMPOSING A BLENDED SENTENCE OF COMMUNITY CONTROL AND PRISON SANCTIONS.

{¶ 11}   As resolution of Ervin's third assignment of error is dispositive of this matter, we will address it first.  In her third assignment of error, Ervin alleges the trial court erred by imposing a "blended sentence," wherein the trial court imposed both a prison term on one offense, but imposed a consecutive term of community control on another.

{¶ 12}   We begin by noting that R.C. 2929.13 states:

> Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code.

Accordingly, a trial court has broad discretion in imposing a sentence, so long as a specific sanction is not required or precluded and provided that the sanction or combination of sanctions are provided in R.C. 2929.14 to R.C. 2929.18.

{¶ 13}   In prior cases, a number of Ohio appellate courts, including this court, have found that a trial court may order a sentence of community control to be served consecutively to a prison term.  *State v. Leedy*, 4th Dist. Meigs Nos. 13CA7 and 13CA8, 2015-Ohio-1718, ¶ 8; *State v. Kinder*, 5th Dist. Delaware No. 03CAA12075, 2004-Ohio-4340, ¶ 31; *State v. Randolph*, 12th Dist. Butler No. CA2003-10-262, 2004-Ohio-3350, ¶ 6-7; *State v. Ramsey*, 6th Dist. Wood No. WD-04-004, 2004-Ohio-5677, at ¶ 4.  The rationale behind many of these cases was that "nothing in R.C. Chapter 2929 * * * prohibits trial courts from ordering a period

of community control to be served consecutively to a prison sentence." *Leedy* at ¶ 9.

{¶ 14} Recently, however, the Eighth District Court of Appeals, sitting en banc, reconsidered a trial court's sentencing authority in light of several recent Ohio Supreme Court decisions on this issue. *State v. Anderson*, 8th Dist. Cuyahoga No. 102427, 2016-Ohio-7044. The Eighth District determined that a trial court lacks authority to impose such "blended sentences" because there is "no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment, the trial court was without authority to impose the same." *Id.* at ¶ 31.

{¶ 15} The decision essentially flips the reasoning that appellate courts have relied upon in upholding blended sentencing decisions and is based upon the Ohio Supreme Court's decision in a similarly titled case *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089. While prior cases resolved such issues on the basis that the legislature had not specifically precluded the sentence, the Ohio Supreme Court's decision in *Anderson* made clear that such reasoning is in error. Instead, sentencing decisions must be based on a specific grant of legislative authority.

{¶ 16} The Supreme Court's reasoning is detailed below:

> "[A] sentence is a penalty or combination of penalties imposed on a defendant as punishment for the offense he or she is found guilty of committing." *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 28. "Judges have no inherent power to create sentences." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22, citing Griffin & Katz, *Ohio Felony Sentencing Law*, Section 1:3, at 4, fn. 1 (2008), and *Woods v. Telb*, 89 Ohio St.3d 504, 507-509, 2000 Ohio 171, 733 N.E.2d 1103 (2000). Rather, judges are duty-bound to apply sentencing laws as they are written. *Id.*
>
> In 1974, in enacting R.C. 2901.03, the General Assembly abrogated common-law criminal liability by requiring that all criminal offenses be codified. *State v. Collins*, 1st Dist. Hamilton No. C-77614, 1979 Ohio App. LEXIS 9668, 1979 WL 208641, * 1

- 4 -

(Mar. 7, 1979). R.C. 2901.03 provides:

> (A) No conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code.
>
> (B) An offense is defined when one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty.
>
> Consequently, "'the only sentence which a trial judge may impose is that provided for by statute * * *.'" *State v. Beasley*, 14 Ohio St.3d 74, 75, 14 Ohio B. 511, 471 N.E.2d 774 (1984), *quoting Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964), *see also State v. Morris*, 55 Ohio St.2d 101, 112, 378 N.E.2d 708 (1978), citing *Toledo Mun. Ct. v. State ex rel. Platter*, 126 Ohio St. 103, 184 N.E. 1 (1933) ("It has long been recognized in this state that the General Assembly has the plenary power to prescribe crimes and fix penalties").
>
> As stated by the Indiana Supreme Court, because "'sentencing is a creature of the legislature * * * courts are limited to imposing sentences that are authorized by statute, rather than only being limited to sentences that are not prohibited by statute.'" (Emphasis sic.) *Wilson v. State*, 5 N.E.3d 759 (Ind.2014), quoting *Wilson v. State*, 988 N.E.2d 1221, 1224 (Ind.2013) (Robb, C.J., dissenting).

*Anderson*, 2015-Ohio-2089 at ¶ 10-13.

{¶ 17} Recognizing the Ohio Supreme Court's interpretation of sentencing authority, the Eighth District noted "[a]ppellate courts had all too often flipped that proposition of law on its head and affirmed sentences under the rationale that the legislature had not specifically precluded the imposed sentence." *Anderson*, 2016-Ohio-7044 at ¶ 7. Following the Ohio Supreme Court's decision in *State v. Anderson*, the rationale for those decisions was undermined. *Id.* As a result, the relevant inquiry is whether the trial court is expressly authorized by statute to impose the sentence, as opposed to whether the sentence is expressly prohibited by statute.

{¶ 18} Turning specifically to the issues in the present case, Ervin is presently

incarcerated because she violated community control sanctions on two convictions for complicity to felonious assault. Those community control sanctions were ordered consecutive to a prison term based on a gun specification.[2] The issue before the court is whether the legislature authorized the trial court to impose those community control sanctions consecutive to the prison term.

{¶ 19} R.C. 2929.41 controls a trial court's sentencing authority to impose a prison or jail term, or other sentence of imprisonment consecutive to another term. Pursuant to R.C. 2929.41(A)

> Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, *a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment* imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

(Emphasis added.) The three exceptions to concurrent sentences under that provision are: (1) for misdemeanor sentences pursuant to R.C. 2929.41(B); (2) for felony prison terms pursuant to R.C. 2929.14(E); or (3) for sentences for certain violent sex offenses pursuant to R.C. 2971.03.[3]

{¶ 20} Ervin's sentence was imposed because of her conviction on two counts of complicity to felonious assault. One of those counts included a gun specification, for which

---

2. The specification in this case is located in R.C. 2929.14(B)(1)(a)(ii), which mandates a three-year prison sentence "if the specification is of the type described in division (A) of section 2941.145 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense."

3. The sentencing statutes have been altered and reorganized in ensuing years. The current version of the relevant statutes lists the exceptions as: (1) misdemeanor sentences pursuant to R.C. 2929.41(B); (2) felony prison terms pursuant to R.C. 2929.14(C)(4); or (3) sentences for certain violent sex offenses pursuant to R.C. 2971.03.

Ervin received a prison term. The community control sanctions were imposed on the underlying complicity charges. Accordingly, the first and third exceptions under R.C. 2929.41 are inapplicable, as Ervin's convictions were neither sex offenses, nor misdemeanors. Furthermore, the second exception is inapplicable as R.C. 2929.14(E) is limited to the imposition of consecutive "prison terms." *State v. Alexander*, 8th Dist. Cuyahoga No. 102708, 2016-Ohio-204, ¶ 6, citing *State v. Maloney*, 12th Dist. Clermont No. CA99-01-006, 1999 Ohio App. LEXIS 4600 (Sep. 27, 1999) and *State v. Kroger*, 12th Dist. Clermont No. CA99-05-050, 2000 Ohio App. LEXIS 1393 (Apr. 3, 2000). A "'community control sanction' means a sanction that is not a prison term and that is described" in R.C. 2929.15 through 2929.18. R.C. 2929.01(E).

{¶ 21} As R.C. 2929.41 does not provide the trial court with the authority to impose the sentence at issue here, the next question is whether any other provision, including R.C. 2929.15 ("community control sanctions") and R.C. 2929.17 ("nonresidential sanctions") provides a trial court with authority to impose community control sanctions consecutive to a prison term. However, "[t]he only notable, and express, exception to this lack of authority to impose residential or nonresidential sanctions consecutive to a prison term on a separate count is for certain OVI offenses." *Anderson*, 2016-Ohio-7044 at ¶ 18, citing R.C. 2929.15(A)(1). Pursuant to R.C. 2929.15(A)(1), the legislature expressly authorized the imposition of community control sanctions to be served upon the offender's release from the mandatory prison term when the sanctions are imposed on a third or fourth-degree felony OVI offense:

> [I]n addition to the mandatory prison term or mandatory prison term and additional prison term imposed under that division, the court also may impose upon the offender a community control sanction or combination of community control sanctions under section 2929.16 or 2929.17 of the Revised Code, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

- 7 -

{¶ 22} While there may be temptation to rely on this provision for the proposition that an offender shall serve all prison terms imposed before serving any community control sanction, the legislature expressly limited application of that exception to sentences imposed pursuant to divisions (G)(1) and (2) of R.C. 2929.13 regarding certain felony OVI offenses. *Anderson*, 2016-Ohio-7044 at ¶ 18, citing *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-2766, ¶ 27-28. As the Eighth District concluded

> R.C. Sections 2929.13 through 2929.17 are otherwise silent with respect to imposing nonresidential sanctions to be served consecutively to prison terms. That legislative silence is deafening. In the absence of an express grant of authority to order the imposition of nonresidential sanctions to be served consecutive to prison terms, those sanctions cannot be so imposed.

*Anderson*, 2016-Ohio-7044 at ¶ 19.

{¶ 23} As there are no other sentencing statutes to supply the necessary authority for the consecutive community control sanctions in this case, we agree with the Eighth District and hold the trial court was without authority to impose consecutive community control sanctions following the prison term imposed in this case. As a result, we overrule our prior decision in *State v. Randolph*, 12th Dist. Butler No. CA2003-10-262, 2004-Ohio-3350, ¶ 9 (stating "R.C. 2929.13[A] provides a trial court with discretion to find community control sanctions appropriate for one offense, while finding a prison term would be appropriate for a separate offense.")[4] Moreover, because there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment, the trial court was without authority to impose the same. The community control sanctions are therefore void and must be vacated.

---

4. Similar to many courts, this court's decision in *Randolph* cited favorably the proposition that "there is nothing in R.C. Chapter 2929 that prohibits a 'blended sentence,' or a combination of sanctions for separate offenses." *Randolph* at ¶ 9. That rationale was undermined by the Ohio Supreme Court's decision in *Anderson*, 143 Ohio St.3d 173.

{¶ 24} In light of the foregoing, Ervin's community control sanctions on the complicity charges and the trial court's sentencing decision on violation of community control are vacated, and the case is remanded for resentencing on those counts alone. Ervin's guilt on those counts is otherwise undisturbed. Furthermore, our decision does not disturb the conviction and sentence related to the gun specification for which Ervin has already served three years.

{¶ 25} Judgment reversed and remanded.

HENDRICKSON, P.J., and M. POWELL, J., concur.