[Cite as *State v. Weber*, 2018-Ohio-3174.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 17-CA-36 |
| | : | |
| MELISSA WEBER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Court
                              of Common Pleas, Case No. 10CR354

JUDGMENT:                     AFFIRMED IN PART, REVERSED IN
                              PART, CBCF PORTION OF
                              SENTENCE VACATED

DATE OF JUDGMENT ENTRY:       August 8, 2018

APPEARANCES:

For Plaintiff-Appellee:                   For Defendant-Appellant:

R. KYLE WITT                              THOMAS R. ELWING
FAIRFIELD CO. PROSECUTOR                  60 West Columbus St.
DARCY T. COOK                             Pickerington, OH 43147
239 West Main St., Suite 101
Lancaster, OH 43130

*Delaney, J.*

{¶1}   Appellant Melissa Weber appeals from the August 2, 2017 and August 17, 2017 Judgment Entries of the Fairfield County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.  In 2010, appellant was charged by indictment with nine counts of theft in violation of R.C. 2913.02, all felonies of the fifth degree. Appellant entered pleas of not guilty.

{¶3}   On November 5, 2010, appellant entered pleas of guilty to each of the nine counts.  The trial court sentenced her to prison terms of 8 months each on all nine counts, to be served consecutively.  The trial court imposed the prison terms upon counts one through three: a total of 24 months in prison.  The prison terms on the remaining counts were suspended on the condition that appellant complete 4 years of community control.

{¶4}   The terms and conditions of community control included evaluation for placement in a Community Based Correctional Facility (CBCF).  If found to be an acceptable candidate for admission, appellant was ordered to successfully complete all program requirements.

{¶5}   On March 25, 2014, the trial court journalized an Entry stating appellant had been evaluated by the River City Correctional Center and was found to be an acceptable candidate. River City Correctional Center is a CBCF.  Appellant was ordered to immediately enter the River City facility for a period of 180 days and to complete all of its

requirements. The entry does not state which count of the sentence the CBCF term relates to.

{¶6} The next entry in the record is dated January 30, 2015 and orders appellant to serve a term of 30 days in the Fairfield County Jail. The entry does not state which count of the sentence the jail term relates to.

{¶7} In June 2015 appellee moved to revoke appellant's community control due to a number of factors such as associating with convicted felons and failure to maintain sobriety.

{¶8} On July 2, 2015, appellant's community control sanction was revoked and the trial court imposed the prison terms upon counts four, five, and six, to be served consecutively. Counts seven, eight, and nine remained "suspended for Community Control."

{¶9} On May 11, 2017, appellee moved to revoke appellant's community control sanction. A hearing was held on June 5, 2017, and appellant argued her "blended sentence" was void. The trial court ordered the parties to brief the issue.

{¶10} On August 2, 2017, by Entry, the trial court denied appellant's motion to dismiss the revocation proceedings.

{¶11} On August 17, 2017, the trial court revoked appellant's remaining community-control sanction and imposed the prison terms of 8 months each upon counts seven, eight, and nine.

{¶12} Appellant now appeals from the trial court's judgment entries of August 2 and August 17, 2017.

{¶13} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶14} "THE TRIAL COURT ERRED IN IMPOSING PRISON AS A SANCTION FOR VIOLATING COMMUNITY CONTROL WHERE THE ORIGINAL SENTENCE PLACING APPELLANT ON COMMUNITY CONTROL WAS NOT AUTHORIZED BY STATUTE AND WAS THEREFORE VOID."

**ANALYSIS**

{¶15} In her sole assignment of error, appellant argues she cannot be sentenced to the remaining prison terms upon Counts 7, 8, and 9 because her original sentence was void. We agree, in part, that the community-control sanction requiring appellant to complete a term in a CBCF was void and vacate that portion of the sentence.

*Resolution of* Hitchcock *before Ohio Supreme Court will affect this case*

{¶16} The issue posed by this appeal is whether the trial court had authority to sentence appellant to a prison term, consecutive to a term of community control which included a term in a CBCF, on separate counts within the same case. As the parties point out, our authority on this issue is at odds with decisions from other Courts of Appeal, specifically the Eighth and Twelfth Districts.[1] We certified a conflict to the Ohio Supreme Court in *State v. Hitchcock,* 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, motion to

---

[1] *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229, ¶ 12 (8th Dist.) ["Because there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment, the trial court was without authority to impose the same."]; *State v. Ervin*, 12th Dist. No. CA2016-04-079, 2017-Ohio-1491, 89 N.E.3d 1, ¶ 23 ["Moreover, because there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment, the trial court was without authority to impose the same. The community control sanctions are therefore void and must be vacated."]

certify allowed, 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 877, and the Court stayed briefing pending a decision in *State v. Paige,* --Ohio St.3d--, 2018-Ohio-813.[2] The *Paige* decision has now been announced although *Hitchcock* remains pending. The split in authority will be further discussed infra.

{¶17} The instant case does not present the ideal circumstances in which to address the pending conflict or to overrule our own prior authority because of deficiencies in the record. We note that the record in the instant case is not clear as to what amount of time appellant has served, where she has served it, and upon which counts.[3] It is apparent that she served 24 months in prison initially. She was then ordered to serve a term of 180 days in a CBCF; whether she successfully completed any of this term is not evident in the record. She was further ordered to complete 30 days in jail. The community-control sanction was then revoked on Counts 4, 5, and 6, and appellant apparently served another 24 months.[4] Revocation of the community-control term upon Counts 7, 8, and 9, and imposition of the remaining 24-month prison term (with credit for time served), brings us to the instant appeal. Appellant argues her original sentence was void and therefore the trial court cannot impose the remaining prison term.

---

[2] The following issue of law was certified for review and final resolution: "Whether a trial court may impose a term of residential or nonresidential community control sanctions on one felony count, to be served consecutively to a term of imprisonment imposed on another count."

[3] Appellee writes, "Appellant completed prison on the first three counts on or about August 5, 2012, and was placed on community control. While on community control, [a]ppellant was ordered to complete a CBCF (Entry 3/25/2014) and to serve 30 days in jail **due to community control violations**. (Entries 1/30/2015, 2/25/2015). Appellee's brief, 3. (Emphasis added.) We cannot discern upon which count appellant completed the CBCF, if in fact she did so, or upon which count she served the jail term.

[4] At the bond revocation hearing on August 17, 2017, appellant stipulated that her sentence upon Counts 1 through 6 had been served. T. 5.

{¶18} The state of the record is relevant to our formulation of a remedy. Infra, we vacate the CBCF portion of appellant's community control, a matter which is largely moot because, apparently, she has already served it. Whether appellant's term in the CBCF affects any portion of the trial court's decision to revoke her community control and impose the prison terms remaining on Counts 7, 8, and 9 is not evident from the record.[5]

*Void sentence not res judicata*

{¶19} We must address the appealability of the issue because appellee argues appellant's sentence is res judicata. As noted supra, appellant did not appeal directly from her convictions and sentences, and did not object until the most recent effort to revoke community control. At issue in this case, though, is the trial court's authority to order a term of community control including completion of a term in a CBCF, to be served consecutively to a separate prison term. As discussed infra, this issue presents a split of authority among the Courts of Appeal and is presently pending before the Ohio Supreme Court. Because this appeal raises the issue of the trial court's statutory authority to sentence appellant in a certain way, we find the sentence is not res judicata.

{¶20} In *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, at ¶ 22, the Ohio Supreme Court reiterated that its jurisprudence on void sentences "* * * reflects a fundamental understanding of constitutional democracy" that the power to define criminal offenses and prescribe punishment is vested in the legislative branch of government and that courts may impose sentences only as provided by statute. *Id.*, citing

---

[5] At the bond revocation hearing on August 17, appellant stipulated that she violated a number of conditions of community control, including, e.g., failure to maintain total sobriety, lack of compliance with counseling orders, and failure to report to probation. T. 6-8.

*State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 21–22. Because "[n]o court has the authority to impose a sentence that is contrary to law," when the trial court disregards statutory mandates, "[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack." *Id.*, citing *Fischer* at ¶ 30.

{¶21} We therefore find this appeal is not precluded by res judicata and turn to the question of the trial court's authority to sentence appellant to a prison term consecutive to a term of community control, when that community control includes a term spent in a CBCF.

*Paige requires us to void the CBCF portion of community control*

{¶22} As both parties note, our prior decisions have approved sentences in which a trial court imposes community control consecutive to a prison term.  In *State v. Hitchcock*, we determined that in a case in which a defendant is sentenced on three separate counts, a trial court is permitted to impose two sixty-month prison terms, consecutive to each other (Counts I and II), and consecutive to a term of community control (Count III).  5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, appeal accepted, 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 877.

{¶23} In reaching this conclusion, we noted our disagreement with the Eighth District in *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229 (8th Dist.), in which the majority held that the Revised Code "provides no authority to impose a prison sentence consecutively to a community control sanction, whether such community control sanction is residential or non-residential."  *Hitchcock*, 2017-Ohio-8255 at ¶ 13, citing *Anderson* at ¶¶ 16-19.  We further noted our disagreement with the Twelfth District in *State v. Ervin*,

12th Dist. Butler No. CA2016-04-079, 2017-Ohio-1491, which followed *Anderson* in concluding that a trial court has no authority to impose consecutive community-control sanctions following a prison term.  *Hitchcock*, 2017-Ohio-8255 at ¶ 18.

{¶24} The Ohio Supreme Court allowed our order certifying a conflict with *Anderson* and *Ervin*, with the following issue of law certified for review and final resolution: "Whether a trial court may impose a term of residential or nonresidential community control sanctions on one felony count, to be served consecutively to a term of imprisonment imposed on another count."  The Court accepted the matter for review but stayed the briefing schedule for a decision in *State v. Paige,* --Ohio St.3d--, 2018-Ohio-813, which was announced on March 7, 2018.

{¶25} In *Paige*, the defendant entered pleas of guilty to one count each of sexual battery, abduction, and domestic violence.  The sexual-battery and abduction counts merged and appellant was sentenced on the sexual-battery count.  On that count, he was sentenced to a prison term of 42 months, followed by five years of mandatory post-release control.  On the domestic violence count, the defendant was sentenced to a term of five years of community control.  The community-control sanction included a requirement that upon his release from prison, he must be assessed for and successfully complete a term in a CBCF.  Upon direct appeal, the Eighth District found this to be an impermissible "split sentence" because the defendant spent part of the domestic-violence sentence in prison and part in a CBCF.  *Paige,* supra, at ¶ 3-4.

{¶26} The Ohio Supreme Court found this was not a split sentence because the trial court imposed the prison term upon the sexual-battery count separately from the community-control term upon the domestic violence count.  *Paige,* supra, at ¶ 9-10.The

defendant further argued, however, that the trial court improperly ordered him to complete the CBCF requirement after the completion of the prison term because this constitutes an improper consecutive term of imprisonment.  The Court agreed as follows:

> Notably, the state concedes that the trial court erred when it ordered Paige's placement in a CBCF upon his release from prison. R.C. 2929.41(A) provides that a "prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed" unless a statutory exception applies. (Emphasis added.) Pursuant to R.C. 1.05(A), "imprisonment" includes a term in a CBCF. Thus, a term of confinement in a CBCF is a "sentence of imprisonment" under R.C. 2929.41(A).

> A confinement term in a CBCF is a permissible community-residential sanction for certain felony offenders pursuant to R.C. 2929.16(A)(1). But here, none of the statutory exceptions in R.C. 2929.41(A) apply to permit the CBCF term to run consecutively to the prison term imposed on the sexual-battery count. *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229, ¶ 16 (8th Dist.); see also *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874 (concluding that because the General Assembly expressly provided statutory exceptions to the general rule that sentences of imprisonment must be run concurrently and because jail sentences did not qualify as an exception under R.C. 2929.41(A),

jail sentences may not be imposed consecutively). Accordingly, the trial court had no statutory authority to order, as part of the community-control sanction, that Paige be placed in a CBCF after his completion of the separate prison term. Judges must impose only those sentences provided for by statute. *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, at ¶ 12. Thus, the trial court's imposition of a CBCF term as a community-control sanction, to be served consecutively to a prison term imposed on a separate offense, was improper.

We turn, then, to the remedy. The state asserts that the proper remedy is to vacate only the improperly imposed residential sanction and leave the remaining conditions of the community-control sentence intact. We agree with this approach here. Under R.C. 2929.15(A)(1), a court may impose on a felony offender who is not required to serve a mandatory prison term one or more community-control sanctions authorized by statute. Here, the trial court imposed a five-year period of community-control supervision with a number of conditions, including completion of anger-management training, a no-contact order, and placement in a CBCF (as discussed above). Because vacating the improperly imposed CBCF term does not disturb the remainder of the community-control sentence, we conclude that the proper remedy is to vacate only that portion of the community-control sentence.

> *State v. Paige*, --Ohio St.3d--, 2018-Ohio-813, --N.E.3d--, ¶
>
> 12-14.

{¶27} *Paige* is important to the analysis in the instant case because it expressly accepts the rationale of *Anderson*, that R.C. 2929.41(A) prevents a trial court from imposing a term of community control that includes a confinement term in a CBCF to be served consecutively to a prison term if none of the statutory exceptions apply. *Id.*; see also, *State v. Ervin*, 12th Dist. No. CA2016-04-079, 2017-Ohio-1491, 89 N.E.3d 1, ¶ 23 ["Moreover, because there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment, the trial court was without authority to impose the same. The community control sanctions are therefore void and must be vacated.] This is the rationale we rejected in *Hitchcock*.

{¶28} In following *Paige*, however, we have no choice but to find that the trial court did not have statutory authority to order, as part of the original sentence, appellant's placement into a CBCF as part of her community-control sanction after her completion of the separate prison term.

{¶29} The remedy in *Paige* was to vacate the residential sanction and leave the remainder of the sentence intact. In the instant case, the CBCF portion of the sentence has already been served and the question is the imposition of the remaining prison terms upon Counts 7, 8, and 9. Having left the remainder of the sentence intact, the trial court has authority to impose the remaining prison term upon Counts 7, 8, and 9.

## CONCLUSION

{¶30} Appellant's assignment of error is sustained to the extent that the CBCF portion of the community-control term is reversed and vacated.  The assignment of error is overruled to the extent that the trial court imposed the balance of the remaining prison term.

By:  Delaney, J.,

Gwin, P.J. and

Wise, Earle, J., concur.