[Cite as *State v. Hammock*, 2018-Ohio-3914.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 18CA27 |
| | : | |
| BRUCE HAMMOCK | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Richland County Court
                                of Common Pleas, Case No. 15-CR-
                                0858D



JUDGMENT:                        AFFIRMED IN PART, REVERSED IN
                                 PART, AND REMANDED FOR
                                 RESENTENCING


DATE OF JUDGMENT ENTRY:          September 26, 2018



APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

GARY BISHOP                            BRUCE A. HAMMOCK, PRO SE
RICHLAND CO. PROSECUTOR                Inmate No. 682-596
JOSEPH C. SNYDER                       Trumbull Correctional Institution
38 South Park St.                      P.O. Box 901
Mansfield, OH 44902                    Leavittsburg, OH 44430

*Delaney, J.*

{¶1}   Appellant Bruce Hammock appeals from the March 15, 2018 judgment entry of the Richland County Court of Common Pleas overruling his motion for resentencing.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.  In 2015, appellant was charged by indictment with cocaine possession with a firearm specification, having weapons while under disability with a forfeiture specification, fleeing and eluding with a firearm specification, two counts of improper handling of a firearm in a motor vehicle, carrying a concealed weapon, and OVI.

{¶3}   On February 8, 2016, appellant entered pleas of guilty.  On April 11, 2016, the trial court sentenced appellant to an aggregate prison term of 4 years in addition to a term of community control.  Appellant was advised he was subject to 5 years of mandatory post-release control.

{¶4}   On July 8, 2016, we denied appellant's motion for delayed appeal in Case No. 16-CA-37.  Appellant's motion for reconsideration was overruled and his appeal to the Ohio Supreme Court was declined.  *State v. Hammock,* 147 Ohio St.3d 1438, 2016-Ohio-7677, 63 N.E.3d 157.

{¶5}   On December 4, 2017, appellant filed a "Motion for Resentencing" in the trial court and made the following arguments: 1) the sentencing entry was not a final appealable order because the trial court failed to impose a separate sentence on each individual offense; 2) the trial court erred in ordering the community-control sanction to be

served consecutively to the prison term; and 3) post-release control was not properly imposed.

{¶6} The trial court overruled the motion on March 15, 2018, finding the motion was an untimely petition for post-conviction relief.

{¶7} Appellant now appeals from the trial court's judgment entry overruling his motion for resentencing.

{¶8} Appellant raises four assignments of error:

**ASSIGNMENTS OF ERROR**

{¶9} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY SENTENCING HAMMOCK TO COMMUNITY CONTROL ON A MATTER THAT THE GENERAL ASSEMBLY HAS CLEARLY DECLARED TO BE A NONPROBATIONABLE OFFENSE."

{¶10} "II. THE TRIAL COURT ERRED BY FAILING TO IMPOSE A [SEPARATE] SENTENCE ON EACH INDIVIDUAL OFFENSE, THERE HAS BEEN A JUDGMENT WHICH IS NOT A FINAL APPEALABLE ORDER FROM WHICH HAMMOCK COULD NOT FILE A DIRECT APPEAL (*SIC* THROUGHOUT)."

{¶11} "III. THE TRIAL COURT ERRED BY ORDERING HAMMOCK'S COMMUNITY CONTROL SANCTION TO BE SERVED CONSECUTIVE TO HIS PRISON TERM."

{¶12} "IV. THE TRIAL COURT ERRED BY NOT PROPERLY NOTIFYING HAMMOCK OF POST-RELEASE CONTROL, AND THE DETAILS OF POST-RELEASE CONTROL AND THE CONSEQUENCES OF VIOLATING POST-RELEASE CONTROL."

**ANALYSIS**

{¶13} We will address appellant's assignments of error out of order.

IV.

{¶14} We begin with appellant's fourth assignment of error: he argues the trial court failed to properly advise him of the consequences of violating post-release control. We agree.

{¶15} The caption of a pro se pleading does not define the nature of the pleading. *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). Thus, if the pleading meets the definition of a petition for post-conviction relief, it must be treated as such, regardless of the manner in which appellant actually presents the motion to the court. *State v. Green*, 5th Dist. Knox No. 15–CA–13, 2015–Ohio–4441, ¶ 13. A motion meets the definition of a motion for post-conviction relief set forth in R.C. 2953.21(A)(1), despite the caption or manner in which a defendant presents a motion to the court, if it is (1) filed subsequent to direct appeal; (2) claims a denial of constitutional rights; (3) seeks to render the judgment void; and (4) asks for vacation of the judgment and sentence. *Reynolds*, supra, 79 Ohio St.3d at 160.

{¶16} We find the trial court erred in treating appellant's motion for resentencing as a petition for post-conviction relief as to this claim. A claim that an appellant was not properly informed of post-release control is based solely on state statutory requirements and is not a constitutional claim. *State v. Smith*, 5th Dist. Fairfield No. 14-CA-18, 2014-Ohio-4657, ¶ 17. Further, the Ohio Supreme Court has held that where a trial court did not properly impose post-release control, the sentence is void, and principles of res judicata do not preclude appellate review. *State v. Fischer,* 128 Ohio St.3d 92, 2010–

Ohio–6238, 942 N.E.2d 332, ¶ 30. The sentence may be reviewed at any time, on direct appeal or by collateral attack. *Id.* The trial court therefore erred in converting this portion of appellant's motion to vacate a void sentence into a petition for post-conviction relief. *Smith*, supra, 2014-Ohio-4657 at ¶ 17.

{¶17} Although the sentencing entry recites that appellant was informed of post-release control, the transcript of the sentencing hearing reflects that the trial court failed to inform appellant of the consequences of violating post-release control. A trial court may correct its omission to inform a defendant about post-release control sanctions by complying with R.C. 2929.191 and issuing a corrected sentence. *State v. Alexander,* 5th Dist. Stark No. 13–CA–151, 2014–Ohio–2351, ¶ 21.

{¶18} However, in cases where no corrected entry is necessary, only a hearing is required. *Id.* Because the trial court did not verbally inform appellant of mandatory post-release control sanctions at sentencing, his fourth assignment of error is sustained, and appellant is entitled to a new limited sentencing hearing during which the court will explain the mandatory period of post-release control included in his sentence, including the consequences of violating post-release control. *Smith*, supra, 2014-Ohio-4657, ¶ 25.

{¶19} This matter is remanded to the trial court for the limited purpose of holding a sentencing hearing to address appellant in regard to his post-release control sanction. *Smith*, supra, 2014-Ohio-4657 at ¶ 26.

III.

{¶20} In his third assignment of error, appellant argues the trial court erred in sentencing him to a term of community control to be served consecutive to his prison

term. We disagree because appellant's community-control sanction does not include a term in a CBCF.

{¶21} We recently noted in *State v. Weber,* 5th Dist. Fairfield No. 17-CA-36, 2018-Ohio-3174, our authority on this issue is at odds with decisions from other Courts of Appeal, specifically the Eighth and Twelfth Districts.[1] We certified a conflict to the Ohio Supreme Court in *State v. Hitchcock*, 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, motion to certify allowed, 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 877, and the Court stayed briefing pending a decision in *State v. Paige*, ⎯⎯ Ohio St.3d ⎯⎯, 2018-Ohio-813.[2] The *Paige* decision has now been announced although *Hitchcock* remains pending. The split in authority will be further discussed infra.

{¶22} In *Weber,* we found this issue is not res judicata because it presents a split of authority among the Courts of Appeal and is presently pending before the Ohio Supreme Court. *State v. Weber,* 5th Dist. Fairfield No. 17-CA-36, 2018-Ohio-3174, ¶ 19. Because this appeal raises the issue of the trial court's statutory authority to sentence appellant in a certain way, we find the sentence is not res judicata. *Id.* We further found

---

[1] *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229, ¶ 12 (8th Dist.) ["Because there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment, the trial court was without authority to impose the same."]; *State v. Ervin*, 12th Dist. No. CA2016-04-079, 2017-Ohio-1491, 89 N.E.3d 1, ¶ 23 ["Moreover, because there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment, the trial court was without authority to impose the same. The community control sanctions are therefore void and must be vacated."]

[2] The following issue of law was certified for review and final resolution: "Whether a trial court may impose a term of residential or nonresidential community control sanctions on one felony count, to be served consecutively to a term of imprisonment imposed on another count."

that in accord with *Paige*, supra the trial court did not have statutory authority to order, as part of the original sentence, appellant's placement into a CBCF as part of her community-control sanction after her completion of the separate prison term. *Id.* at ¶ 28.

{¶23} In the instant case, we have reviewed the "Community Control Sanctions" portion of the trial court's Sentencing Entry of April 13, 2016. We note appellant's community-control sanction does **not** require him to complete a term in a CBCF. We therefore find the trial court had authority to order him to complete a term of community control after completion of his prison term. See, *Weber*, supra, 2018-Ohio-3174, ¶ 29.

{¶24} Appellant's third assignment of error is therefore overruled.

II.

{¶25} Next, appellant argues the trial court erred in imposing a "lump sentence" upon Counts II through VII. We disagree on the basis of res judicata.

{¶26} This argument could have been raised on direct appeal and is barred by res judicata. *State v. Smith*, 5th Dist. Fairfield No. 14-CA-18, 2014-Ohio-4657, ¶ 19, citing *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967); see also, *State v. Houston*, 73 Ohio St.3d 346, 347, 652 N.E.2d 1018 (1995), citing *Perry*, supra. "A defendant who fails on direct appeal to challenge the sentence imposed on him for an offense is barred by res judicata from appealing that sentence * * *." *State v. Lindsay*, 5th Dist. Richland No. 16CA39, 2017–Ohio–595, ¶ 30.

{¶27} Therefore, the trial court properly denied appellant's motion on the basis of res judicata. "Otherwise, appeals could be filed indefinitely." *State v. Henley*, 2d Dist. Montgomery No. 26604, 2015–Ohio–4113, ¶ 11; *State v. Isa*, 2nd Dist. Champaign No. 2015-CA-44, 2016-Ohio-4980, ¶ 9 [res judicata prevents appellant from raising sentence-

packaging issue now, as it could have been previously litigated and raised in prior appeal]; See also, *State v. Selmon*, 5th Dist. Richland No. 15 CA 83, 2016–Ohio–723; *State v. Lynch*, 5th Dist. Muskingum No. CT2017-0040, 2017-Ohio-8642.

{¶28} The remand for resentencing upon appellant's fourth assignment of error does not entitle him to resentencing on all offenses. When a defendant fails to appeal the sentence for a certain offense, he cannot take advantage of an error in the sentence for an entirely separate offense to gain a second opportunity to appeal upon resentencing. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 19. To hold otherwise would essentially abrogate the doctrine of res judicata for multicount sentences and precludes finality in sentencing. *Id.* Accordingly, a defendant who fails on direct appeal to challenge the sentence imposed on him for an offense is barred by res judicata from appealing that sentence following a remand for resentencing on other offenses. *Id.*

I.

{¶29} In his first assignment of error, appellant argues the trial court erred in sentencing him to a term of community control on a "nonprobationable offense." We disagree because appellant raises this argument for the first time on appeal.

{¶30} Appellant failed to present this argument to the trial court and raises it for the first time on appeal. He has therefore waived review of this issue. *State v. Churchill*, 5th Dist. Delaware No. 17 CAA 10 0068, 2018-Ohio-1031, ¶ 19, citing *State v. Green*, 5th Dist. Stark No. 2011 CA 00127, 2011–Ohio–5611, ¶ 28–29; s*ee also, State v. Lane*, 5th Dist. Licking No. 98 CA 75, 1998 WL 918257, *2, citing *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977), paragraph one of the syllabus [appellate court need not

consider error which party could have called to trial court's attention when such error could have been avoided or corrected by trial court].

{¶31} Appellant's first assignment of error is therefore overruled.

**CONCLUSION**

{¶32} Appellant's fourth assignment of error is sustained and the remaining assignments of error are overruled. This matter is remanded to the trial court for the limited purpose of holding a sentencing hearing to address appellant in regard to his post-release control sanction. *State v. Smith*, 5th Dist. Fairfield No. 14-CA-18, 2014-Ohio-4657, ¶ 26.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.