[Cite as *State v. Williams*, 2018-Ohio-4580.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| BRYAN I. WILLIAMS | : | Case No. 17-CA-43 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Case No. 13-CR-5



JUDGMENT:                     Affirmed



DATE OF JUDGMENT:             November 13, 2018



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER A. REAMER                     THOMAS R. ELWING
Fairfield County Prosecutor's Office      60 West Columbus Street
239 West Main Street                      Pickerington, OH  43147
Suite 101
Lancaster, OH  43130

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Bryan I. Williams appeals the September 12, 2017 judgment of the Court of Common Pleas of Fairfield County which revoked his community control. Plaintiff-Appellee is the state of Ohio.

PROCEDURAL HISTORY

{¶ 2}   A recitation of the underlying facts is unnecessary to our resolution of this appeal.

{¶ 3}   On January 4, 2013, the Fairfield Grand Jury returned a four-count indictment which charged Williams as follows:

Count 1 – Aggravated trafficking in drugs, a felony of the fourth degree

Count 2 – Aggravated trafficking in drugs, a felony of the third degree

Count 3 – Trafficking in heroin, a felony of the fourth degree

Count 4 – Illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree.

{¶ 4}   On May 9, 2013, Williams appeared with counsel at a pretrial hearing wherein the parties worked out a negotiated plea agreement on the record. The trial court adopted and imposed the parties jointly recommended sentence. Counts two and three merged and the state elected to proceed on count two. The trial court ordered sentences of two years each on counts two and four, to be served consecutively for a four year term of incarceration. On count one, the trial court imposed a five year term of community control to commence upon Williams' release from prison. The court further suspended an 18-month term of incarceration on count one. Williams filed no appeal of his sentence.

{¶ 5}   On November 12, 2015, the trial court granted Williams' motion for judicial release and Williams began serving the five years of community control on count one. In the judgment entry granting judicial release the trial court reserved the balance of the unserved term of incarceration for count two, as well as the suspended 18-month term for count one.

{¶ 6}   On July 12, 2017, Williams' probation officer filed a motion to revoke William's community control along with a statement of alleged violations. A hearing was held on the matter on September 11, 2017.

{¶ 7}   Before the hearing, counsel for Williams filed a motion to dismiss the motion to revoke community control. In it, counsel relied on decisions from the Eighth and Twelfth appellate districts for the argument that no statutory authority existed to allow the imposition of a period of community control to be served consecutive to completion of a term of incarceration. Counsel argued, therefore, that Williams' sentence was void and the trial court was without authority to impose any sanctions for the alleged community control violations.

{¶ 8}   The trial court overruled Williams' motion and Williams stipulated to having violated the conditions of his community control. After hearing the arguments of counsel and Williams' probation officer, the trial court revoked Williams' community control. The trial court first noted Williams had already served his entire sentence for count four, then ordered Williams to serve the balance of his sentence for count two and the entire previously suspended 18-month sentence for count one.

{¶ 9}   Williams now brings this appeal. He raises one assignment of error:

I

{¶ 10} "THE TRIAL COURT ERRED IN IMPOSING PRISON AS A SANCTION FOR VIOLATING COMMUNITY CONTROL WHERE THE ORIGINAL SENTENCE PLACING APPELLANT ON COMMUNITY CONTROL WAS NOT AUTHORIZED BY STATUTE AND WAS THEREFORE VOID."

{¶ 11} In his sole assignment of error, Williams argues because the trial court was without statutory authority to impose a blended sentence of a period of community control consecutive to a prison term, his community control sanction was void, and the 18-month prison term imposed for violating community control must be vacated. We disagree

Res Judicata, Negotiated Plea, New Judicial Interpretation

{¶ 12} As an initial matter, the state argues Williams' appeal is barred by res judicata. In *State v. Weber*, 5th Dist. Fairfield No. 17-CA-36, 2018-Ohio-3174, we noted our authority on an issue similar to that raised by Williams is at odds with decisions from other Courts of Appeal. Specifically, the Eighth District in *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229, ¶ 12 (8th Dist.) ("Because there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment, the trial court was without authority to impose the same.") and Twelfth District in *State v. Ervin*, 12th Dist. No. CA2016-04-079, 2017-Ohio-1491, 89 N.E.3d 1, ¶ 23 ("Moreover, because there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment, the trial court was without authority to impose the same. The community control sanctions are therefore void and must be vacated.") We therefore certified a

conflict to the Ohio Supreme Court in *State v. Hitchcock*, 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, motion to certify allowed, 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 877. Hitchcock was originally held for opinion in *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800. *Paige* was decided on March 7, 2018. On April 25, 2018, the court ordered sua sponte that *Hitchcock* no longer be held for decision in *Paige*, and lifted the stay of briefing. Thus *Hitchcock* remains pending.

{¶ 13} Because this particular sentencing issue presents a split of authority among the Courts of Appeal, and is presently pending before the Ohio Supreme Court we have previously found res judicata inapplicable. *State v. Weber*, 5th Dist. Fairfield No. 17-CA-36, 2018-Ohio-3174, ¶ 19. Because this appeal raises the issue of the trial court's statutory authority to sentence Williams in a certain way, we find the sentence is not res judicata. *Id.*

{¶ 14} In *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, at ¶ 22, the Ohio Supreme Court stated "[o]ur jurisprudence on void sentences "reflects a fundamental understanding of constitutional democracy" that the power to define criminal offenses and prescribe punishment is vested in the legislative branch of government and that courts may impose sentences only as provided by statute. *Id.*, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 21-22. Because "[n]o court has the authority to impose a sentence that is contrary to law," when the trial court disregards statutory mandates, "[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack." *Id.*, citing *Fischer* at ¶ 30.

{¶ 15} For the same reasons, we also reject the state's argument that Williams' may not appeal his sentence because he entered a negotiated plea pursuant to R.C 2953.08(D). A sentence imposed without statutory authority is not "authorized by law" as required by R.C. 2953.08(D)(1).

{¶ 16} Because Williams' appeal is not precluded by res judicata, nor his negotiated plea, we turn to the question of the trial court's authority to sentence Williams to a term of incarceration on counts two and four, and a term of community control on count one.

### State v. Hitchcock

{¶ 17} As Williams notes, his success here hinges upon the resolution of *State v. Hitchcock*, 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, appeal accepted, 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 877. In that matter, we determined, pursuant to applicable sentencing statutes, that the trial court was permitted to impose two sixty-month prison terms, consecutive to each other (Counts I and II), and consecutive to a term of community control (Count III).

{¶ 18} Similarly, in *State v. Kinder*, 5th Dist. Delaware No. 03CAA12075, 2004-Ohio-4340, the defendant was sentenced to four years in prison for reckless homicide and a term of community control not to exceed five years for complicity to possession to drugs, with the term of community control commencing upon the completion of the prison sentence. Kinder argued on appeal that the court erred in ordering consecutive sentences, and specifically erred in failing to make the requisite findings according to R.C. 2929.14(E). In addressing his argument, we cited to R.C. 2929.13(A), which provides unless a specific sanction is required to be imposed or is precluded from being imposed

pursuant to law, a court may impose any sanction or combination of sanctions provided in R.C. 2929.14 to 2929.18. Therefore, we found the court "has discretion to find community control sanctions appropriate for one offense, while finding a prison term appropriate for a separate offense, and order those sentences be served consecutively." *Kinder* at ¶ 31. Turning to Kinder's specific claim of error, we concluded community control sanctions did not render him imprisoned within the meaning of R.C. 1.05, and the trial court was therefore not required to set forth findings for consecutive sentences. *Id.* at ¶ 34.

{¶ 19} Following *Kinder*, in *State v. O'Connor*, 5th Dist. Delaware No. 04CAA04-028, 2004-Ohio-6752, O'Conner claimed error in sentencing him to community control in one case and imposing maximum sentences in another case, and ordering them to be served consecutively. Relying on R.C. 2929.13(A) and our decision in *Kinder*, we rejected O'Connor's argument and affirmed the sentences. *Id.* at ¶¶ 27–30. Likewise, in *State v. Boylen*, 5th Dist. Tuscarawas 2012AP060039, 2012–Ohio–5503, we concluded although the trial court did not specifically use the word "consecutive" when ordering Boylen to serve a community control sanction following an unrelated term of imprisonment already being served, in placing Boylen on community control "upon his release from incarceration on another matter," the sentence was clearly consecutive, and did not exceed the five year limitation of R.C. 2929.15. *Id.* at ¶¶ 10-11, citing *Kinder*, supra, and *O'Connor*, supra.

{¶ 20} After these decisions, the Ohio Supreme Court held in *State v. Anderson*, 143 Ohio St. 3d 173, 35 N.E.3d 512, 2015-Ohio-2089, a trial court may not impose a community control sanction, specifically, a no-contact order, and a prison sentence on

the same felony count. The court held because sentencing is a creature of the legislature, courts are limited to imposing sentences that are authorized by statute, rather than only being limited to sentences that are not prohibited by statute. Id. at ¶ 13, citing *Wilson v. State*, 5 N.E.3d 759 (Indiana 2014).

{¶ 21} After the Supreme Court's *Anderson* decision, the Eighth District sitting en banc addressed the issue raised in *Hitchcock*, supra, in the like titled but unrelated case of *State v. Anderson*, 62 N.E.3d 229, 2016-Ohio-7044 (8th Dist. Cuyahoga). In that matter, Anderson was sentenced to an indefinite term at a Community Based Corrections Facility consecutive to a prison term. *Id.* ¶ 15. Relying on the Supreme Court's language concerning a court's limitation to sentences authorized by statute as opposed to discretion to impose a sentence not prohibited by statute, the majority concluded the Ohio Revised Code provides no authority to impose a prison sentence consecutively to a community control sanction, whether such community control sanction is residential or non-residential. *Id.* at ¶¶ 16-19. Finding no express statutory authority for consecutive sentences of prison and community control, the court vacated the community control sanction and remanded for resentencing.

{¶ 22} In *Hitchcock*, supra ¶ 14-22, we disagreed with the majority's decision in *Anderson* as follows:

> The Eighth District specifically rejected the reasoning of this Court in *Kinder*, as well as its own prior precedent and decisions of the Fourth, Sixth, and Twelfth Districts, finding the rationale in those cases relied on the proposition the legislature had not prohibited the

imposition of consecutive community control sanctions, and such rationale was rejected by the Supreme Court in *Anderson*, supra. *Id.* at ¶ 21. The majority further rejected our rationale in *Kinder* concerning the discretion given courts pursuant to R.C. 2929.13(A), finding the Ohio Supreme Court rejected similar language in R.C. 2929.16 as rationale for the imposition of consecutive jail sentences in *State v. Barnhouse*, 102 Ohio St.3d 221, 808 N.E.2d 874, 2004-Ohio-2492.

In a dissent joined by four other members of the Eighth District en banc panel, Judge Boyle concluded a trial court has discretion and authority to impose a prison term on one felony offense and community control on a separate offense, and order the community control sanctions commence upon the offender's release from prison. The dissent noted the trial court was attempting to punish Anderson for his conduct and protect the public, while at the same time rehabilitate a 22-year-old offender so he could become a more productive and law-abiding citizen after he served his sentence. However, the majority's decision essentially removed the court's discretion which is counterintuitive and against the purposes and principles of felony sentencing under R.C. 2929.11. *Id.* at ¶ 38. The majority decision eliminated a trial court's discretion to impose community control sanctions on a separate felony count but would leave intact the court's authority to impose a prison term on that count

to be served consecutively to the other felony counts, which directly contravenes the General Assembly's directive that trial courts use "the minimum sanctions necessary" to accomplish the principles and purposes of felony sentencing. *Id.* at ¶ 48.

The dissent further disagreed with the majority concerning the application of R.C. 2929.13(A), concluding *Barnhouse* is limited to prohibiting trial courts from imposing consecutive jail sentences. *Id.* at ¶ 45. The dissenting opinion concluded the Ohio Supreme Court's decision in *Anderson* is not applicable to the instant issue, and the en banc majority applied the dicta in that opinion too broadly. *Id.* at ¶ 46.

Finally, the dissent noted the language ordering the community control sanction to be served consecutively to the prison term is superfluous:

Moreover, it is axiomatic that an offender cannot serve a sentence of community control sanctions while in prison. Thus, community control sanctions must begin when an offender is released from prison. Because of this, it is my view that a trial court need not even use the words "consecutive" or "concurrent" when sentencing an offender to prison on one felony offense and community control sanctions on a separate felony offense because community control

sanctions cannot commence until the offender is released from prison. *Id.* at ¶ 49.

The Twelfth District revisited its prior precedent subsequent to the Eighth District's decision in *Anderson* and agreed with the majority decision of the Eighth District. *State v. Ervin*, 12th Dist. Butler No. CA2016-04-079, 2017-Ohio-1491. However, we are persuaded by the rational of the dissenting opinion in *Anderson*.

R.C. 2929.13(A) provides in pertinent part:

Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code.

We agree with the dissenting opinion in *Anderson* concerning the majority's overbroad application of *Barnhouse* in rejecting R.C. 2929.13(A) as support for the trial court's sentence in the instant case. *Barnhouse* specifically held, "Rather, our decision only addresses the narrow question of whether the trial court may impose

consecutive jail sentences under R.C. 2929.16(A)(2)." *Barnhouse*, supra, ¶ 18. Further, R.C. 2929.11(A) states:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

Under the Eighth District's decision, the trial court in the instant case could have sentenced Appellant to three sixty-month terms of imprisonment, to be served consecutively, but could not sentence Appellant to two sixty-month terms of imprisonment to be served consecutively, and a term of community control, to commence upon his release from prison. Such a result flies in the face of the directive in R.C. 2929.11(A) to use the minimum sanctions the court determines necessary to accomplish the purposes of felony

sentencing, without imposing an unnecessary burden on state or local government resources.

We further agree the language "consecutive" or "concurrent" is superfluous when ordering a community control sanction for one offense and a prison sentence for another offense, as the offender cannot begin to serve the community control sanction until his or her release from prison. Therefore, the sentence of community control in the instant case does not implicate the consecutive sentencing directives found in R.C. 2929.14(C)(4), which apply when "multiple prison terms are imposed on an offender." See also *Kinder*, supra, ¶ 34.

{¶ 23} The instant case is no different. Based on our decision in *Hitchcock*, Williams' assignment of error is overruled.

{¶ 24} The judgement of the Fairfield County Court of Common Pleas Court is affirmed.


By Wise, Earle, J.

Wise, John, P.J. and

Hoffman, J. concur.




EEW/rw10/17