Harsha, J., concurring in part and dissenting in part:
{¶26} I respectfully dissent from the portion of the opinion overruling Fisher's second assignment of error. I would adopt the holdings of the Eighth District Court of Appeals in State v. Anderson , 2016-Ohio-7044, 62 N.E.3d 229 (8th Dist.), and the Twelfth District Court of Appeals in State v. Ervin , 2017-Ohio-1491, 89 N.E.3d 1 (12th Dist.), which hold that there is no statutory authority for the imposition of community control sanctions for one felony offense to be served consecutive to, or following the completion of, a prison or jail term for another felony offense. Consistent with that approach, I would reverse our holdings in State v. Leedy , 4th Dist. Meigs Nos. 13CA7 and 13CA8, 2015-Ohio-1718, 2015 WL 2091845, and State v. Meredith , 4th Dist. Athens No. 02CA5, 2002-Ohio-4508, 2002 WL 2005771, insofar as they hold otherwise.[2]
{¶27} Therefore, I would sustain Fisher's second assignment of error, reverse the judgment of the trial court denying his motion to vacate in part, vacate his sentences for kidnapping and illegal cultivation of marijuana, and remand the cause for resentencing on those convictions. I concur in the remainder of the opinion overruling Fisher's first and third assignments of error and affirming the trial court's denial of the rest of his motion to vacate.

I did not participate in either Leedy or Meredith .