RINGLAND, J., dissenting.
{¶ 68} I respectfully dissent from the majority's decision in resolution of the first assignment of error. This court's decision in State v. Ervin , 12th Dist. Butler, 2017-Ohio-1491, 89 N.E.3d 1, provides the appropriate legal precedent in this case and principles of stare decisis should resolve this matter accordingly.
{¶ 69} The issue before this court is whether the trial court was authorized to impose a five-year community control sanction on one count to be served consecutive to a seven-year prison term on another count. This court in Ervin found "there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment." Id. at ¶ 23. Pursuant to this court's precedent in Ervin , this court should find that the trial court did not have authority to impose Mize's community control sanction consecutive to his prison term. Therefore, Mize's first assignment of error should be sustained.
{¶ 70} The majority's decision in this case will cause unfortunate confusion, as this case is not legally distinguishable from Ervin . As noted above, under Ervin , a trial court cannot impose a community control sanction consecutive to sentence of imprisonment. Ervin at ¶ 23. However, under the majority opinion, a trial court may impose a community control sanction consecutive to a sentence of imprisonment. See supra at ¶2, 30-31.
{¶ 71} The issue of whether a trial court may impose a community control sanction consecutive to a prison term is subject to *279 reasonable dispute in Ohio. In fact, the issue is currently pending before the Supreme Court in State v. Hitchcock , 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, 2017 WL 4749884, certification of conflict granted, 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 877. In Hitchcock , the Fifth District certified the following question: "[w]hether a trial court may impose a term of residential or nonresidential community control sanctions on one felony count, to be served consecutively to a term of imprisonment imposed on another count." The Eighth District in State v. Anderson , 8th Dist. Cuyahoga, 2016-Ohio-7044, 62 N.E.3d 229, and this court's decision in Ervin answer that question in the negative. The Fifth District in Hitchcock and this court's decision herein answer that question in the affirmative.
This court's rationale in State v. Ervin
{¶ 72} This court's rationale in Ervin was premised on a reconsideration of statutory sentencing authority. Previously, this court, and other courts throughout the state, resolved sentencing authority cases on the basis that, if R.C. Chapter 2929 does not prohibit the imposition of the sentence, then the sentence is authorized by law. Ervin at ¶ 13, citing State v. Leedy , 4th Dist. Meigs Nos. 13CA7 and 13CA8, 2015-Ohio-1718, 2015 WL 2091845, ¶ 9.
{¶ 73} However, in State v. Anderson , 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, the Ohio Supreme Court held that " 'the only sentence which a trial judge may impose is that provided for by statute * * *.' " Id. at ¶ 12, citing State v. Beasley , 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). In a well-written opinion by the Eighth District, the court appropriately noted that "appellate courts had all too often flipped that proposition of law on its head and affirmed sentences under the rationale that the legislature had not specifically precluded the imposed sentence." Anderson , 2016-Ohio-7044, 62 N.E.3d 229 at ¶ 7. This court agreed with that proposition in Ervin and stated "[w]hile prior cases resolved such issues on the basis that the legislature had not specifically precluded the sentence, the Ohio Supreme Court's decision in Anderson made clear that such reasoning is in error. Instead, sentencing decisions must be based on a specific grant of legislative authority." Ervin at ¶ 15.
{¶ 74} With that framework in mind, this court addressed the facts of the case, including that: (1) Ervin was incarcerated because she violated community control sanctions on two convictions for complicity to felonious assault, (2) the community control sanctions were ordered consecutive to a prison term based on a firearm specification, and (3) the issue before the court was whether the legislature authorized the trial court to impose those community control sanctions consecutive to the prison term. Id. at ¶ 18.
{¶ 75} Following a review of the sentencing statutes, this court determined that there was no authority to impose community control sanctions consecutive to a prison term. Id. at ¶ 23. As there was no sentencing statute to supply the necessary authority, this court found the trial court was "without authority to impose consecutive community control sanctions following the prison term imposed." Id.
{¶ 76} Thus, Ervin holds that: (1) sentencing decisions must be based on a specific grant of legislative authority, and (2) "there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment." Id. at ¶ 23.
{¶ 77} The majority attempts to distinguish this court's precedent in Ervin by noting that Ervin involved a firearm specification *280 with mandatory imprisonment along with a sentence of community control for the felony to which the firearm specification attached. Supra at ¶11. That technical distinction, however, is incomplete, as Ervin pled guilty and was sentenced on two counts of felonious assault. Ervin at ¶ 2. Though one of Ervin's convictions did include a specification, the other count did not. Id. Thus, in both this case and Ervin , the offender had two different convictions on two separate charges.[5]
Developments under State v. Paige
{¶ 78} Furthermore, I believe the majority's reliance on State v. Paige , 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, is misplaced. In Paige , the defendant was sentenced on two counts. Id. at ¶ 3. On Count One for sexual battery, Paige received a prison term of three and one-half years. Id. On Count Two for domestic violence, Paige was sentenced to five years of community control. Id. The terms were ordered to be served concurrently. Id. at ¶ 9. However, the trial court included a condition of community control that, upon his release from prison, Paige was to return to the county jail and be transferred to a community-based-correctional-facility (CBCF).[6] Id. at ¶ 3.
{¶ 79} The Supreme Court in Paige found it permissible to impose a prison term on one count and a community control sanction on a separate count. Significantly, Paige involved a concurrent, as opposed to a consecutive, term of community control. Id. at ¶ 14. Therefore, even though Paige was subject to community control following his release from prison, his sentence was still authorized by law. Id. However, contrary to the suggestion in the majority, Paige should not be understood for the proposition that community control for one offense may be ordered to be served consecutively to a prison term on another offense because the supreme court was not confronted with that situation. State v. Payne , 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 11 ("a case where the question might have been raised, is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication"). Paige , involving a concurrent community control sentence, is not controlling as to the propriety of a consecutive community control sentence. Additionally, the issue of the propriety of a consecutive term of community control is pending before the Ohio Supreme Court in Hitchcock . If Paige had settled the issue, the supreme court would not have accepted the certified conflict question.
{¶ 80} Furthermore, the result in Paige is consistent with this court's decision in Ervin and the Eighth District's decision in Anderson because the concern in those cases involved the statutory sentencing authority of trial courts. Ervin at ¶ 17-18 ; Anderson , 2016-Ohio-7044, 62 N.E.3d 229 at ¶ 12 ("[t]he legislature must provide the trial court with authority to impose community control sanctions to be served consecutive to a prison term imposed on a separate felony count"). As noted in Ervin , *281 the relevant inquiry in determining sentencing authority now is "whether the trial court is expressly authorized by statute to impose the sentence, as opposed to whether the sentence is expressly prohibited by statute." Ervin at ¶ 17. As noted above, this court in Ervin held that there was no authority to impose a community control sanction consecutive to a prison term. Id. at ¶ 23.
{¶ 81} Though Paige approves concurrent sentences of prison and community control, the Court's analysis went deeper to strike an offending portion of Paige's community control sanction. As indicated before, following his release from prison, Paige, as a condition of his community control, was to be transferred to a CBCF. Paige at ¶ 11. The Court found that the CBCF condition was improper because CBCF is a "sentence of imprisonment under R.C. 2929.41(A)." Id. at ¶ 12. The Court, citing the Eighth District's opinion in Anderson , found that "none of the statutory exceptions in R.C. 2929.41(A) apply to permit the CBCF term to run consecutively to the prison term imposed on the sexual-battery count." Therefore, the Court found that the CBCF condition was improper. Id. at ¶ 13. However, because the CBCF condition could be vacated without disturbing the otherwise permissible community control sanction, the Court found it proper to vacate the CBCF condition, but leave the lawful community control sanction intact. Id. at ¶ 14.
{¶ 82} Therefore, Paige can be understood for the proposition that a trial court has authority to sentence an offender to a prison term on one count and community control on a separate count, provided those terms are ordered concurrent. Id. at ¶ 14. A condition of community control, however, that amounts to a consecutive "sentence of imprisonment," such as CBCF, is improper and may be excised from a permissible, concurrent community control sanction. Id. at ¶ 13.
R.C. 2951.07
{¶ 83} Finally, any reliance on R.C. 2951.07 to support the trial court's authority to impose consecutive community control sanctions would be misplaced. R.C. 2951.07 addresses how a sentence is executed, not whether the trial court has the necessary sentencing authority.
{¶ 84} Pursuant to R.C. 2951.07 :
A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 or 2929.25 of the Revised Code, may be extended. If the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, or if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time that the offender is brought before the court for its further action.
(Emphasis added.) The plain language of the statute instructs that the provision applies only to offenders "under community control," who abscond, leave, or are "confined in any institution for the commission of any offense." If the offender is not under community control at the time he absconds, leaves, or is confined for the commission of any offense, the tolling statute does not apply.
{¶ 85} Arguments to the contrary are subject to several inherent flaws. For sake of argument, consider the possibility that the second sentence of R.C. 2951.07 acts as a legislative grant of authority to order community control sanctions consecutive to a term of imprisonment. The argument would then follow that the community control *282 period would cease while the offender was confined, and therefore operate, for all intents and purposes, as a community control sanction consecutive to a prison term, which this court found to be prohibited in Ervin .
{¶ 86} However, if R.C. 2951.07 is interpreted as a general grant of sentencing authority, we would cause "inextricable conflicts" with other statutory provisions and be in conflict with the legal maxim of ejusdem generis. See Anderson , 2016-Ohio-7044, 62 N.E.3d 229 at ¶ 25.
{¶ 87} For instance, R.C. 2929.15(A)(1) is a specific grant of authority to impose community control following an offender's release from a prison term imposed on a felony OVI conviction. However, if R.C. 2951.07 already provides such authority in general, then the language in R.C. 2929.15(A)(1) would be superfluous, as the general grant of authority would subsume the more limited grant of authority with respect to OVI felony sentencing. State v. Polus , 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553, ¶ 12 ("[n]o part [of a statute] should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative").
{¶ 88} In addition, construing the language in R.C. 2951.07 as authorizing a general grant of authority in sentencing would violate the legal maxim of ejusdem generis.
Under the rule of ejusdem generis, where in a statute terms are first used which are confined to a particular class of objects having well-known and definite features and characteristics, and then afterwards a term having perhaps a broader signification is conjoined, such latter term is, as indicative of legislative intent, to be considered as embracing only things of a similar character as those comprehended by the preceding limited and confined terms.
State v. Aspell , 10 Ohio St.2d 1, 225 N.E.2d 226 (1967), paragraph two of the syllabus. Here, the legislature provided three tolling circumstances for when an offender is under community control: (1) absconding, (2) otherwise leaving the jurisdiction, or (3) being confined in any institution for the commission of any offense. Thus, community control will toll if the offender absconds or leaves the jurisdiction and, as this case demonstrates, invites analysis into the meaning of "confined in any institution for the commission of any offense." Though the confinement language may lend itself to a broader meaning, we should be mindful of the maxim of ejusdem generis, which prohibits any broader construction. Thus, consistent with that maxim, in order for a community control sanction to be tolled, the offender must be: (1) under community control, and (2) have committed a subsequent offense. The tolling period would continue "until the time that the offender is brought before the court for further action." R.C. 2951.07.
{¶ 89} Finally, the statutory authority for imposing community control sanctions already contains a specific tolling provision. Pursuant to R.C. 2929.15(A) :
The duration of all community control sanctions imposed upon an offender under this division shall not exceed five years. If the offender absconds or otherwise leaves the jurisdiction of the court in which the offender resides without obtaining permission from the court or the offender's probation officer to leave the jurisdiction of the court, or if the offender is confined in any institution for the commission of any offense while under a community control sanction , the period of the community control sanction ceases to run until the offender *283 is brought before the court for its further action.
(Emphasis added.) Thus, R.C. 2929.15(A) makes clear that the period of community control is tolled for confinement in an institution only when the confinement is a consequence of the "commission of any offense while under a community control sanction ." R.C. 2929.15(A) does not operate to toll the period of community control imposed contemporaneously with a prison term for a separate offense if the offender was not under a community control sanction at the time of the commission of the offense.
{¶ 90} Finally, R.C. 2951.07 is subject to R.C. 2929.15(A) by providing it is "subject to the five-year limit specified in section 2929.15." The "five-year limit" specified in R.C. 2929.15 necessarily includes any tolling of the period of community control provided for in R.C. 2929.15. As stated above, R.C. 2929.15 tolls the period of community control for confinement in an institution only where the confinement results from "the commission of any offense while under a community control sanction." Because of this limitation, R.C. 2951.07 can permit no greater tolling of the period of community control than R.C. 2929.15. Thus, community control imposed for an offense committed prior to an offender being placed on community control is not tolled for confinement resulting from that offense.
{¶ 91} As a result, R.C. 2951.07 should not be interpreted as authorization for a trial court to impose community control sanctions consecutive to a prison term. Doing so would render specific provisions in R.C. 2929.15(A) contradictory, superfluous, and in violation of ejusdem generis. R.C. 2951.07 is a statute that guides courts on the execution of community control sanctions when the three listed actions occur, not a grant of statutory sentencing authority.
Conclusion
{¶ 92} This court in Ervin found "there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment." Id. at ¶ 23. Pursuant to the precedent in Ervin , this court should find that the trial court did not have authority to impose Mize's community control sanction consecutive to his prison term.
{¶ 93} The Ohio Supreme Court's decision in Paige does not involve the same sentencing situation as in present in this case. The issue in this case is currently pending before the Supreme Court in Hitchcock . As previously noted, the question pending before the Court is "[w]hether a trial court may impose a term of residential or nonresidential community control sanctions on one felony count, to be served consecutively to a term of imprisonment imposed on another count." This court's decision in Ervin answered that certified question unanimously in the negative. This court's decision in Mize answers the certified question in the affirmative. Furthermore, I believe any reliance on R.C. 2951.07 would be misplaced, as that provision merely addresses how a sentence is executed, not whether the trial court has the necessary sentencing authority. Reliance thereon would render several provisions of R.C. 2929.15(A) superfluous and would be in violation of a well-established legal maxim.
{¶ 94} As a result, I must dissent as to the majority's resolution of the first assignment of error. Therefore, with regard and respect for my colleagues in the majority, *284 I dissent.[7]

Moreover, I do not believe this technical distinction (i.e., specification or charge) is of any consequence because this court's holding in Ervin was related to community control sanctions and "prison or jail term[s] or other sentence[s] of imprisonment." The fact that a prison term was imposed on a specification, as opposed to an offense, would be of no consequence.

The majority's analysis as to improper "split sentences" or "sentencing packages" is irrelevant in this instance, as it is clear that the trial court appropriately considered each conviction separately. The trial court did not impose Mize's prison sentence and community control sanction for a single felony offense. Paige at ¶ 6.

Because my preferred resolution of the first assignment of error would be dispositive to the remaining assignments of error, I decline to address resolution of those issues.