[Cite as *State v. Green*, 2019-Ohio-5167.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2019-04-030<br>CA2019-04-031 |
| | : | CA2019-04-032 |
| - vs - | | |
| | : | O P I N I O N<br>12/16/2019 |
| RYAN GREEN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case Nos. 18CR34859, 18CR34992, and 18CR35203

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Anzelmo Law, James A. Anzelmo, 446 Howland Drive, Gahanna, Ohio 43230, for appellant

**RINGLAND, J.**

{¶ 1} Appellant, Ryan Green, appeals his sentence in the Warren County Court of Common Pleas. For the reasons detailed below, we reverse the decision of the trial court and remand for further proceedings.

{¶ 2} Green pled guilty to felony counts in three cases. In Case No. 18CR34992, he pled guilty to possession of heroin, possession of a fentanyl-related compound, and aggravated possession of drugs. In Case No. 18CR34859, he pled guilty to three counts of

aggravated possession of drugs and one count of possession of drugs. Additionally, in Case No. 19CR35203, Green pled guilty to illegal conveyance of drugs of abuse.

{¶ 3} In Case No. 19CR35203, the trial court sentenced Green to a 24-month prison term. In Case Nos. 18CR34992 and 18CR34859, the trial court sentenced Green to three years of community control. As a condition of community control, the trial court ordered Green to complete a treatment program in a community-based correctional facility ("CBCF"). The trial court ordered Green's community control with CBCF to run consecutive to his prison sentence. Green now appeals, raising a single assignment of error for review:

{¶ 4} THE TRIAL COURT ERRED BY ORDERING RYAN GREEN TO SERVE HIS PRISON SENTENCE CONSECUTIVE TO HIS COMMUNITY CONTROL SENTENCE, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 5} In his sole assignment of error, Green argues the trial court erred by ordering him to serve community control consecutive to his prison term. The state concedes the error.

{¶ 6} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. An appellate court may modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id*. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-

026, 2019-Ohio-4209, ¶ 36. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 7} In *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, the Supreme Court held that "'the only sentence which a trial judge may impose is that provided for by statute * * *.'" *Id.* at ¶ 12, quoting *State v. Beasley*, 14 Ohio St.3d 74, 75 (1984). Recently, the Court held that a trial court has no authority to impose community control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count. *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, ¶ 1. This is because there is no provision in the Revised Code that authorizes a trial court to impose community control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count. *Id.* at ¶ 24. In addition, "[b]ecause a term of confinement in a CBCF is not a prison term, R.C. 2929.14(C)(4) does not permit a court to impose a CBCF term consecutively to a prison term." *Id.* at ¶ 12.

{¶ 8} In the present case, the trial court sentenced Green to a 24-month prison term in Case No. 19 CR 35203 and ordered him to serve a consecutive term of community control with placement in a CBCF in Case Nos. 18CR34859 and 18CR34992. The 24-month prison term in Case No. 19CR35203 was authorized by law; however pursuant to *Hitchcock*, the consecutive community control sanction with the CBCF condition was not. Accordingly, we reverse the trial court's sentencing decision in Case Nos. 18CR34859 and 18CR34992. Green's sole assignment of error is sustained.

{¶ 9} Judgment reversed and remanded.

HENDRICKSON, P.J., and PIPER, J., concur.

**PIPER, J., concurring separately.**

{¶ 10} This is yet another case revealing the inadequacies of Ohio's statutory sentencing structure. I concur with the forgoing opinion only because, as the lead opinion points out, the trial court is constrained by a lack of statutory authority. This constraint prevents a prison sentence, and then consecutive to that, a term of community control with a CBCF as a condition.

{¶ 11} In my opinion the legislature is shortsighted in not authorizing such sentencing sanctions to be combined and consecutive to one another. This is particularly true when a trial court finds it necessary to punish the offender while simultaneously utilizing a CBCF to increase the potential for an individual's rehabilitation. This continued shortsightedness will undoubtedly hamper Ohio judges in rendering a sentence believed to be warranted and just.

{¶ 12} The power of addiction is all-consuming; it destroys a person's will and corrupts the very soul. This is uncontestable. Yet with the right mix of punishment, supervision, and assistance, not all, but some, are redeemable. We would better serve both the drug abuser, and Ohio's citizens at large, if the legislature gave judges the authority to administer a needed punishment (a sanction of imprisonment) to be followed by a mix of intensive supervision, counseling, and education (a sanction of community control).

{¶ 13} After punishment, but while using the stringent requirements of community resources, a judge is better able to fulfill the purposes and principles of sentencing which sometimes needs to include a CBCF. The discretion a judge needs in sentencing should not be limited, as it is, by our current statutes. The metaphor "carrot and stick" emphasizes that sometimes a combination of approaches is necessary to motivate desired behavior. As

a society we have come to know too well that incarceration alone fails miserably at behavioral modification. Yet many drug-related offenders cannot escape the hypnotic seduction of illicit drugs without a multi-faceted approach.

{¶ 14} A trial judge is statutorily required to consider the purposes and principles of sentencing. Here the trial judge determined after reviewing Green's PSI that the purposes and principles of sentencing required that Green be punished for his criminality by serving a two-year term of imprisonment. Additionally, to honor the importance of those same purposes and principles, the trial judge determined the best chance for protecting society from future misconduct and towards rehabilitating Green, would be through the benefits of community control and a CBCF (which includes counseling and education). As well thought-out as the judge's sentence was, our appellate review is required to reverse that sentence due to the statutes as currently written. Hopefully these statutes will be changed sometime soon.

{¶ 15} I am compelled to commend the trial judge for recognizing the importance of rehabilitation toward the higher goal of protecting the public by reducing future criminal conduct and thereby slowing down the revolving door of incarceration. Hopefully the legislature recognizes in the near future the need to grant trial judges the ability to impose community control sanctions consecutive to imprisonment when needed. The potential benefits would be immense.[1]

---

1. Shortening prison terms and diverting certain offenders from lengthy terms not only facilitates reducing the prison population but also saves the associated costs of incarceration. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 20. Further revealing the need for statutory sentencing reform is *State v. Ervin*, 12th Dist. Butler No. CA2016-04-079, 2017-Ohio-1491, where the sentence was community control consecutive to a three-year mandatory prison term. This court reversed because there was no authority for community control consecutive to prison despite the trial judge determining this was the appropriate sentence to serve the purposes and principles of sentencing. When resentenced on remand, Ervin received a four-year sentence instead of community control.